IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30836
Summary Calendar
_____

JANICE B. DONAHUE,

Plaintiff-Appellant,

versus

AL PHILIPUS ET AL.,

Defendants,

AL PHILIPUS, individually and as a police chief of the
City of San Antonio; BILL THORNTON, individually and as mayor of
the City of San Antonio; RICHARD PENNINGTON, individually and as
police chief of the City of New Orleans; MARC MORIAL, individually
and as mayor of the City of New Orleans; CITY OF NEW ORLEANS;
PINKERTON'S, INC., incorrectly sued as Pinkerton Security,
PINKERTON INC., Erroneously sued as Pinkerton Security,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-795-J
--------------------
May 11, 2000

Before JONES, DUHÉ and STEWART, Circuit Judges.

PER CURIAM:[1]

Janice Butler Donahue argues that the district court erred in
dismissing her civil rights complaint against the Cities of San
Antonio and New Orleans, their mayors and police chiefs, and

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

Pinkerton, Inc.

Donahue argues that the district court erred in granting summary judgment in favor of the City of San Antonio and its mayor and police chief. The defendants submitted an affidavit of a representative of the police department stating that there were no records, files, or documents showing that the San Antonio Police Department had placed Donahue under surveillance, arrested her, or tapped her phones as she alleged in her complaint. In response to the motion, Donahue relied on her allegations and failed to present any affidavits of proposed witnesses or any documents to contradict the affidavit or to support her numerous allegations. Therefore, Donahue failed to carry her burden of establishing the existence of a material fact issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Insofar as Donahue may have alleged that the mayor acted independently from the police department, any claims that the mayor personally planted wiretapping devices on Donahue's phones or stalked her across the country to California and in Louisiana rise to the level of being delusional and are subject to a dismissal for frivolousness. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Because Donahue did not come forth with any evidence that the conduct of any officials, agents, or employees of the City of San Antonio resulted in a violation of her constitutional rights, the city cannot be held liable based on an official policy or custom resulting in a constitutional violation. See Monell v. Dep't of

Soc. Servs. Of City of New York, 436 U.S. 658, 694-95 (1978).

Donahue argues that the district court erred in granting the motion of Pinkerton, Inc., to dismiss for failure to state a claim upon which relief can be granted.

To prevail on a claim under § 1983, a plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law. Manus v. McNamara, 842 F.2d 808, 812 (5th Cir. 1988). "A private party may be held liable under § 1983 if he . . . is a willful participant in joint activity with the State or its agents." Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994)(internal quotation and citations omitted). Conclusional allegations of conspiracy, however, do not give rise to a § 1983 claim. Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994). A defendant cannot be held liable under § 1983 on a theory of vicarious liability, even if state law provides that a supervisor is vicariously liable for the acts of his subordinates. See Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1410 (5th Cir. 1995).

To recover damages for a conspiracy to deny individuals the equal protection of the laws under 42 U.S.C. § 1985, the plaintiff must demonstrate that the defendants were motivated by an invidious discriminatory animus. Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997). A cause of action for racial discrimination in the making and enforcement of contracts, under § 1981, requires the plaintiff to demonstrate intentional discrimination. Id.

3

Donahue has not alleged any specific facts showing that Pinkerton, Inc., entered into an agreement with the other defendants to engage in activities to deprive Donahue of her constitutional rights. Donahue's allegations of conspiracy are conclusional and, thus, there is no viable allegation that Pinkerton, Inc., acted "under color of law" or entered into a conspiracy to deprive Donahue of her rights because of her race. Donahue did not allege that she was involved in contractual negotiations with the defendants.

Donahue's allegations do not reflect that the company's policymakers implemented or endorsed a policy or custom of harassing African-American citizens by stalking them and planting wiretaps on their telephones. Even if Donahue's allegations with respect to the acts of Pinkerton, Inc.'s employees are accepted as true, she has failed to state a constitutional claim against Pinkerton, Inc. See Fed. R. Civ. P. 12(b)(6).

Donahue argues that the district court abused its discretion in dismissing as frivolous the claims against the City of New Orleans, Mayor Morial, and Chief of Police Pennington.

In a § 1983 action, "a municipality may not be held strictly liable for the acts of its non-policy-making employees under a *respondeat superior* theory." Benavides v. County of Wilson, 955 F.2d 968, 972 (5th Cir. 1992). The plaintiff must prove that the policy in and of itself violates constitutional rights, that the policy evidences a deliberate indifference to constitutional rights, or that the municipality has a custom of depriving persons

4

of their constitutional rights.  Id. at 690-94.

Donahue failed to allege in her complaint or amended complaint that an official policy or custom enacted or ratified by the City of New Orleans resulted in a violation of Donahue's constitutional rights.  Therefore, Donahue has not stated an arguable § 1983 claim against the City of New Orleans.

Supervisory officials may be held liable for the conduct of a subordinate only if they "affirmatively participate in acts that cause constitutional deprivation" or "implement unconstitutional policies that causally result in plaintiff's injury."  Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996).

Neither Donahue's complaint nor amended complaint contain any allegations of specific acts of personal misconduct by Mayor Morial resulting in a constitutional injury to Donahue.  Nor did Donahue allege that the Mayor enacted or endorsed an unconstitutional policy or custom.  The district court did not abuse its discretion in dismissing the claims against Morial based on frivolousness or for failure to state a claim.

In one paragraph of the two hundred two paragraphs contained in Donahue's complaint and amended complaint, there is an allegation that Chief Pennington along with Chief of Police Philipus and two unnamed San Antonio police officers placed an eavesdropping device in Donahue's residence.  This allegation standing alone may not appear to be delusional or irrational.  However, when considered in the context of all the other allegations of cross-country stalking, wiretapping, and harassment

5

by officials and private citizens made by Donahue, it rises to the level of an irrational or delusional assertion.  Therefore, the district court did not abuse its discretion in dismissing the claim against Pennington as frivolous.  See Denton, 504 U.S. at 32-33.

Donahue also argues that the district court abused its discretion in denying her request to have a United States Marshal serve deposition subpoenas, in failing to grant her motion to file a second amended complaint, and in failing to allow her to make discovery.  The district court did not abuse its discretion in denying Donahue's requests.

This appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.

DISMISSED.