IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30597
Summary Calendar
_____

LARRY E. CLARK,

                                        Plaintiff-Appellant,

versus

GEORGE B. LAND; ET AL,

                                        Defendants,

ROBERT G. GRAVES; PAUL RAY DRY; JAMES M. DOUSAY;
FALCON A. MORGAN; THOMAS R. STEPHENS; BURNIE MALONE;
RONALD J. BERTRAND; ROBERT L. LEDOUX; ATTORNEY'S
LIABILITY ASSURANCE SOCIETY, INC; H. DAVID GULLETTE;
KEATS EVERETTE; NEIL WAGONER; FRANK DENTON; NORMAN L.
SCISSON; CHARLES R. SCOTT; EDWARD A MICHEL; W.P. PATIN;
LAWRENCE A. DURANT; ANNA E. DOW; ROGER L. BURFORD;
E. B. NOBELS; EUGENE E. CHIARULLI, JR.; LOUISIANA DEPARTMENT
OF TRANSPORTATION AND DEVELOPMENT; BROOK, PIZZA & VAN
LOON LLP, erroneously sued as Brook, Morial, Cassibry,
Fraiche & Pizza; MANGHAM & DAVIS, Successors in
interest to Mangham, Hardy, Rolfs, Bailey & Abadie,
Erroneously sued as Mangham, Hardy, Rolfs, Bailey & Abadie,

                                        Defendants-Appellees,

BERTRAND & SOILEAU; CHARLES E SOILEAU,

                                        Movants-Appellees.

* * * * * * *
Consolidated with
98-30731
* * * * * * *

LARRY E. CLARK,

                                        Plaintiff-Appellant,

versus

GEORGE B. LAND; ET AL,

                                        Defendants,

H. DAVID GULLETTE; KEATS EVERETTE; ANNA E. DOW; ROGER L. BURFORD; EUGENE E. CHIARULLI, JR; BROOK, PIZZA & VAN LOON LLP,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1266-D
- - - - - - - - - -
June 30, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

The motion of Appellees Mangham & Davis, Attorneys' Liability Assurance Society, Inc., and Robert L. Ledoux to dismiss appeal No. 98-30597 for lack of jurisdiction is GRANTED as to those Appellees.

As an initial matter, we note that, in a case pending for less than one year, the district court entered five FED. R. CIV. P. 54(b) judgments in a three month period. A district court should certify an appeal under Rule 54(b) only when an immediate appeal is necessary to alleviate a danger of hardship or injustice; a certification should not be entered as a matter of routine courtesy to counsel or the parties. See PYCA Industries, Inc. v. Harrison County Waste Water Management Dist., 81 F.3d 1412, 1421 (5th Cir. 1996). Although we find no danger of hardship or injustice in this case, in the interest of judicial economy we refrain from dismissing the appeals based on improvident certification, proceed to the merits, and DISMISS THE APPEALS AS FRIVOLOUS.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clark's notice of appeal in No. 98-30597, filed May 27, 1998, was effective only as to the district court's May 8, 1998, judgment dismissing Clark's claims against Defendants Robert Bertrand, Charles Soileau, and the law firm of Bertrand & Soileau, and the district court's April 28, 1998, judgment dismissing Clark's claims against Defendants Robert G. Graves, Paul Ray Dry, James M. Dousay, Falcon A. Morgan, Thomas R. Stephen, Burnie Malone, Neil Wagoner, Frank Denton, Norman L. Scisson, Edward A Michel, Jude W. P. Patin, Lawrence A. Durant, and the Louisiana Department of Transportation and Development.

Clark argues that his claims against Appellees Dow, and Brook, Pizza & Van Loon LLP are not time-barred because prescription was interrupted by his state court lawsuit against them which raised essentially the same claims and he suggests that the district court erroneously applied La. R. S. 9:5605 (the peremptive statute for legal malpractice) when Clark's claims against these Defendants sounded in fraud rather than malpractice.

Clark's appellate argument ignores the fact that his district court complaint alleged that these Appellees committed legal malpractice rather than fraud. Furthermore, Clark concedes in his appellate brief that he has unsuccessfully raised the same claims against these Appellees in a state court lawsuit. Therefore, these claims are barred by principles of res judicata. See Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1172 (5th Cir. 1992). Thus, Clark has failed to show that the district court erred by dismissing his claims against Appellees Dow, and Brook, Pizza & Van

Loon LLP.  Giddings v. Chandler, 979 F.2d 1104, 1106 (5th Cir. 1992); see Reeder v. North, 701 So.2d 1291, 1294-99 (La. 1997).

Clark challenges the district court's determination that his claims against the remaining Appellees are time-barred on the basis that each of the individual Appellees is a member of an ongoing conspiracy directed against Clark.  We find his conclusional assertions of a conspiracy unpersuasive.  See Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994); Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).

Having allowed Clark to amend his complaint once as of right, we find no abuse of discretion in the district court's denial of Clark's subsequent motions to amend on the basis that Clark had failed to include new substantive allegations and that his claims were time-barred.  Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

For the foregoing reasons, we conclude that the APPEALS ARE FRIVOLOUS and DISMISS THEM AS SUCH.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  We caution Clark that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Clark should review any pending appeals to ensure that they do not raise arguments that are frivolous.

MOTION TO DISMISS FOR LACK OF JURISDICTION GRANTED AS TO Appellees MANGHAM & DAVIS, ATTORNEYS' LIABILITY ASSURANCE SOCIETY, INC., AND ROBERT L. LEDOUX; APPEALS DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.