IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40696
Summary Calendar
_____

CEDRIC CHARLES FIGGS,

Plaintiff-Appellant,

versus

VICTOR J. VRAZEL; CHARLES LACKEY;
LAURIE MEDIA; KERRY DIXON; MARK DIAZ;
LEPHER JENKINS; HURKALOT, Director,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(99-CV-81)
---------------------
December 15, 1999

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Cedric Charles Figgs, Texas prisoner No. 623481, appeals the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent that Figgs seeks restoration of lost good-time credits, the district court properly dismissed his claims because such relief is not available under 42 U.S.C. § 1983. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc), cert. denied, 119 S. Ct. 1052

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1999).  We also find no error in the dismissal of Figgs's claims of conspiracy because Figgs failed to provide any factual support for his allegations.  Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994); Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).

The district court did err, however, in dismissing Figgs's claim for monetary damages based on alleged due process violations in prison disciplinary proceedings because Figgs specifically alleged, both in his complaint and in his objections to the magistrate judge's report, that the challenged disciplinary conviction had been expunged on administrative review.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997); see Clarke, 154 F.3d at 189.  Thus, the district court abused its discretion when it dismissed the complaint without further exploration of Figgs's allegations.  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997); Wesson v. Oglesby, 910 F.2d 278, 281-82 (5th Cir. 1990).

Accordingly, the dismissal of the complaint is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

VACATED AND REMANDED.