IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40819
Conference Calendar
_____


STEPHAN STROUD,

Plaintiff-Appellant,

versus

VANCE PATTON; KELLY KOCK KOLPAC; SCOTT ELLISON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CV-505
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Stephan Stroud, Texas prisoner #745916, appeals from the dismissal of some of his civil rights claims as frivolous and the dismissal of his remaining claims without prejudice so that he may pursue habeas corpus relief on those claims. Stroud argues in relevant part that the defendants, all private attorneys, conspired with the prosecutor in his case and that the district judge should have recused herself in his case.

Stroud provides no specific allegations indicating that any conspiracy existed. Conclusional allegations of conspiracy do

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not give rise to federal constitutional claims. *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994). The defendants could not be liable for any civil rights violation arising from their representation of Stroud unless they were conspiring with a state actor. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Stroud does not contend that the district court erred by dismissing his ineffective-assistance and coerced-plea contentions without prejudice. He has abandoned any such contention for appeal. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 439 n.6 (5th Cir. 1982).

Stroud's allegations regarding the district judge do not indicate that a reasonable person would question the district judge's impartiality. *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 2000). The denial of Stroud's recusal motion was not an abuse of discretion. *Id.*

Stroud's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of Stroud's complaint as frivolous. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996). Stroud therefore has two "strikes" under 28 U.S.C. § 1915(g). Stroud is warned that if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED.  5TH CIR. R. 42.2.