IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30173
Summary Calendar
_____


BERNICE P. FRANK, ET AL.,

Plaintiffs,

BERNICE P. FRANK, Individually & on behalf of Quinton Frank,
on behalf of Brandon Frank,

Plaintiff-Appellant,

versus

POLICE DEPARTMENT CITY OF EUNICE; ET AL.,

Defendants,

CITY OF EUNICE; BRUCE VIGE, Officer; PAT GREEN, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-731
--------------------
December 14, 2000

Before HIGGINBOTHAM, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[1]

Bernice P. Frank appeals the district court's summary judgment dismissal of her 42 U.S.C. § 1983 complaint. Frank alleged that Officer Bruce Vige, Officer Pat Green, and the City of Eunice violated the constitutional rights of her deceased daughter, Sabrina Frank, by unlawfully arresting her, unlawfully

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarcerating her, and denying her medical treatment during her incarceration as a pretrial detainee. Frank contends that the district court erred in determining that Officer Vige was entitled to qualified immunity. Frank also contends that the district court abused its discretion by denying a continuance of the summary judgment proceedings.

We review a grant of summary judgment *de novo* and apply the same criteria that the district court employed. *See Olabisiomotosho v. Houston*, 185 F.3d 521, 525 (5th Cir. 1999). We view the facts and any inferences to be drawn in the light most favorable to the nonmovant. *Id.* "Summary judgment is properly granted if `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.;* Fed. R. Civ. P. 56(c).

Frank contends that Officer Vige's failure to conduct a proper accident investigation resulted in the wrongful arrest and incarceration of Sabrina Frank. Frank contends that Officer Vige was not entitled to qualified immunity and that summary judgment was improper because there were disputed issues of fact concerning whether Officer Vige had sufficient information to arrest and detain Sabrina Frank.

We review a claim of qualified immunity by asking first, whether the plaintiff has asserted the violation of a "clearly established constitutional right." *Siegert v. Gilley*, 500 U.S.

2

226, 231-32 (1991). If so, we decide whether the defendant's conduct was "objectively reasonable in light of the legal rules clearly established at the time of the incident." *Jones v. City of Jackson*, 203 F.3d 875, 879 (5th Cir. 2000)(citation and internal quotation marks omitted). In evaluating a claim of illegal arrest, "the qualified immunity determination turns on whether a reasonable officer could have believed the arrest to be lawful, in light of clearly established law and the information the officer possessed." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)(internal quotations, brackets, and ellipsis omitted). A defendant is entitled to the qualified immunity defense against a § 1983 claim for false imprisonment "if he acted on the basis of a reasonable, good faith belief that the detention was lawful." *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980).

It is uncontested that when Officer Vige arrived on the accident scene, Sabrina Frank was alone, appeared intoxicated, and was lying near the truck. A reasonable officer could have believed, under the circumstances, that an arrest for driving while intoxicated and without a license was lawful. See Babb, 33 F.3d at 477. The defendants presented competent summary judgment evidence supporting Officer Vige's contention that Sabrina Frank had been driving the vehicle. The district court did not err in determining that Officer Vige's conduct was objectively reasonable and that he was entitled to qualified immunity.

Frank contends that she presented evidence that the conduct of Officers Vige and Green amounted to deliberate indifference to

3

Sabrina Frank's medical needs. Frank asserts that the district court disregarded proof that Sabrina Frank requested and required medical treatment while she was in the Eunice Jail, that Officer Vige did not inform Officer Green of Sabrina Frank's discharge orders, and that no one monitored Sabrina Frank's condition.

To establish a constitutional violation in a case involving a pretrial detainee complaining of an episodic act or omission by an individual defendant, "the plaintiff must establish that the official(s) acted with subjective deliberate indifference." *Olabisiomotosho*, 185 F.3d at 526 (internal quotations and citations omitted). The individual defendant must actually know of the risk of harm and act with deliberate indifference to the risk. *See Id.* at 528.

Frank did not show that Officers Vige and Green knew that Sabrina Frank's condition was serious. She had been examined by a physician over a two-hour period and discharged with no documented injuries and with instructions to return if necessary. Although Frank presented evidence that Sabrina Frank moaned, cried, and called for help, no evidence was presented that the officers knew of the seriousness of her condition and acted with deliberate indifference to the risk of harm. The district court did not err in granting summary judgment on the medical treatment claims against the individual defendants.

Frank alleged liability for Sabrina Frank's arrest and denial of medical treatment against the City of Eunice based on city policies that permit officers to arrest individuals who do not have

4

a driver's license, the failure to require the presence of a jail warden after 4:30 p.m., and the failure to have medically trained personnel available for overnight detainees. To establish liability under § 1983 against a municipality, a plaintiff must show (1) that a municipal employee acted with subjective deliberate indifference to violate clearly established constitutional rights; and (2) "that the municipal employee's act resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the [plaintiff]'s constitutional rights." *Olabisiomotosho*, 185 F.3d at 526, 528-29. Because Frank was unable to establish a § 1983 violation attributable to Officer Vige and Officer Green, her claims against the City of Eunice also fail. The district court properly granted summary judgment on the claims against the City of Eunice.

Finally, Frank contends that the district court abused its discretion by denying a continuance on the summary judgment motion so that she could obtain additional deposition testimony. We will not disturb the district court's decision to deny a motion for a continuance absent an abuse of discretion, and we will affirm the denial of a continuance on a summary judgment motion "unless it is arbitrary or clearly unreasonable." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 721 (5th Cir. 1995). Frank has not shown that the district court's denial of a second continuance on the motion for summary judgment was an abuse of discretion. Accordingly, the judgment of the district court is AFFIRMED.

5