IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21042
Summary Calendar
_____

RUSSELL EUGENE GALER, II,

                                        Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ET AL.,

                                        Defendants,

LARRY G. MASSANARI, ACTING COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION;
GARY JOHNSON; VERNON ARRELL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-458
--------------------
November 7, 2001

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Russell Eugene Galer II, Texas state prisoner # 315395,
appeals from the dismissal of his civil rights complaint against
then Director of the Texas Department of Criminal Justice (TDCJ),
Gary L. Johnson,[**] TDCJ, Vernon Arrell, Commissioner of the Texas
Rehabilitation Commission (TRC), and the TRC.  Galer has

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [**] The current Director of the Texas Department of Criminal
Justice is Janie Cockrell.

abandoned any issues pertaining to the dismissal for failure to exhaust administrative remedies of his claims against Larry G. Massanari, Acting Commissioner of the Social Security Administration (SSA), and the SSA by failing to brief them on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Galer argues that the district court erred in dismissing his claims against Johnson, TDCJ, Arrell, and TRC for failure to state a claim.  He contends that the appellees conspired to deprive him of his social security disability benefits.  The district court did not err in dismissing Galer's official-capacity claims under Fed. R. Civ. P. 12(b)(6).  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) (barring official-capacity claims for money damages under the Eleventh Amendment); see Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994) (holding that conclusional allegations of conspiracy fail to state a civil rights claim).  The district court also did not err in dismissing Galer's individual-capacity claims because Galer alleged no personal involvement by Johnson or Arrell in the events giving rise to the cause of action.  See Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).

Galer's motion to disqualify United States Attorney Alice Burns is DENIED.  His motion for the appointment of appellate counsel also is DENIED.

AFFIRMED.