**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-60446
Summary Calendar

EARL LEWIS ANDERSON, JR.

Plaintiff-Appellant

v.

RON KING; LARRY C. HARDY; D. WEST, Captain; BOBBY KING; D. GRAY; WARREN HANCOCK, Deputy; CHRISTOPHER EPPS; LYNDA POWELL; FLORENCE JONES, Case Manager; L. STEWART; EDDIE WOLFE; HENRY GAGNON, Nurse; M. LEWIS, Nurse; ET AL.

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CV-1
USDC No. 2:05-CV-2174

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Earl Lewis Anderson, Mississippi prisoner # L1784, appeals the dismissal of his 42 U.S.C. § 1983 complaint against 79 defendants, all of whom he came into contact with while he was incarcerated at the South Mississippi Correctional Institution. The district court dismissed his suit as frivolous and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certified that his appeal was not taken in good faith. Anderson challenges the district court's certification decision pursuant to *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997), and he requests that this court grant him authorization to proceed in forma pauperis (IFP) on appeal.

The only discernable argument Anderson makes on appeal is that the magistrate judge conspired with other judges and the defendants to deny Anderson relief. He also alludes to a conspiracy among prison officials to deny him adequate medical care. Anderson's conclusional allegations do not suffice to show that he will raise a nonfrivolous appellate claim. *See Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994). Anderson has failed to show that he will raise a nonfrivolous appellate claim. *See Baugh*, 117 F.3d 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Consequently, his motion to proceed IFP on appeal is denied, and this appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of Anderson's suit as frivolous. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Anderson also earned a strike when this court dismissed as frivolous his appeal from the district court's interlocutory order denying him a temporary restraining order. *Anderson v. King*, No. 06-61058 (5th Cir. July 18, 2007), *cert. denied*, 128 S. Ct. 1079 (2008). Because Anderson has now accumulated at least three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR IMPOSED.