# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60611
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

RYAN WOLFE,

Plaintiff - Appellant

v.

JAMES MEZIERE, Individually and in His Official Capacity as a Police Officer of the City of Olive Branch, Mississippi;

LAWRENCE VAUGHN, Individually and in His Official Capacity as a Police Officer of the City of Olive Branch, Mississippi,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:12-CV-30

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

This is an appeal from the district court's grant of Appellees' motion for summary judgment on the basis of qualified immunity. Appellees are police officers in the City of Olive Branch, Mississippi, who arrested Appellant while he was staying at a hotel. It is uncontested in this case that Appellees were responding to a 911 emergency call regarding Appellant's behavior. As the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60611

transcript of the call shows, the 911 caller stated that Appellant was "staggering around" the hotel with "a gun on the side of his hip" and "threatening people" while "either wasted, drunk or on some kind of drugs." According to Appellee's unrebutted affidavit, once they arrived at the hotel, appellees observed "at least twenty angry and upset hotel guests" who reported that they "witnessed the man with the gun and his strange conduct." Appellees then arrested Appellant, searched Appellant's hotel room, and seized Appellant's two guns from a nightstand. It is uncontested that the search and seizure "occurred contemporaneously" with the arrest and that Appellant told Appellees where to find the two guns just prior to being handcuffed. Appellant was then charged under Mississippi Code § 97-35-5, which prohibits interference with business customers. The charges were later dropped.

Claiming that Appellees had violated the Fourth and Fourteenth Amendments by acting without a warrant, Appellant brought suit against Appellees in both their individual capacities and official capacities. Appellant also claimed that Appellees had violated state law. At this stage, however, Appellant has dropped his claims under state law and his federal claims against Appellees in their official capacities.

In Appellant's words, therefore, "the sole remaining contested issue" is whether the district court was correct to grant summary judgment on the basis of Appellees' qualified immunity from suit in their individual capacities. According to Appellant, there was no probable cause that would have justified his arrest. According to Appellant, there also was no exigent circumstance that would justify the search of his hotel room. Therefore, Appellant argues, Appellees are not entitled to qualified immunity.

We disagree. "[T]he usual summary judgment burden of proof is altered in the case of a qualified immunity defense. . . . An officer need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the

defense by establishing that the officer's allegedly wrongful conduct violated clearly established law."[1]  In this case, therefore, Appellant "bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."[2]  As the Supreme Court explained in *Malley v. Briggs*, 475 U.S. 335, 341 (1986), the doctrine of qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law."

Accordingly, where a warrantless arrest without probable cause is alleged, "law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present'" are entitled to qualified immunity.[3]  "[I]f officers of reasonable competence could disagree on this issue, immunity should be recognized."[4]  As we held in *Crostley v. Lamar County, Texas*, 717 F.3d 410, 422-23 (5th Cir. 2013), we determine "whether an officer was objectively unreasonable after taking into account the totality of the circumstances at the time the arrests were made."  Here, based on the report made by the 911 caller that Appellant was "staggering around" the hotel with "a gun on the side of his hip" and "threatening people" while "either wasted, drunk or on some kind of drugs," -- combined with Appellees' observations once they arrived on the scene -- the Appellees reasonably concluded that they had probable cause to believe that Appellant had interfered with the hotel's business customers in violation of Mississippi Code § 97-35-5.  Because there

---

[1] *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001).

[2] *Michalik*, 422 F.3d at 262; *Bazan*, 246 F.3d at 489.

[3] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 206 (5th Cir. 2009) (quoting *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

[4] *Mendenhall*, 213 F.3d at 230 (quoting *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)).

No. 13-60611

is no genuine dispute regarding what was said during the 911 call or Appelles' observations on the scene, the district court correctly concluded that Appellees were entitled to summary judgment.

Similarly, there is no genuine dispute regarding any material fact with respect to the reasonableness of the warrantless search. In a hotel room,[5] just as in a person's residence, an officer may perform a warrantless search if the officer has probable cause to believe "that contraband is inside or that an illegal act is taking place" and if the officer is presented with "exigent circumstances," which may include the officer's reasonable fear for his or her own safety.[6] Here, based on the report made by the 911 caller that Appellant was "staggering around" and was potentially "on some kind of drugs," Appellees reasonably concluded that they had probable cause to believe that there might be contraband in Appellant's hotel room. Moreover, a "gun on the side of [Appellant's] hip" had been described earlier that evening by the 911 caller, but this gun was not immediately visible to Appellees when the hotel room's door was opened. It was therefore reasonable for Appellees to conclude that this hidden weapon might pose a threat to their safety, which therefore created an exigent circumstance.[7] Since Appellant himself told Appellees to check the nightstand for his guns and the search occurred contemporaneously with the arrest, it was also reasonable for Appellees to conclude that such a search would be "no broader than necessary to deal with the exigency."[8]

Based on the record before us, therefore, Appellant has failed to identify any issue of material fact that would justify denying Appellees' motion for summary judgment. Because Appellees acted reasonably in performing the

---

[5] *See United States v. Hearn*, 563 F.3d 95, 105 (5th Cir. 2009).

[6] *See United States v. Newman*, 472 F.3d 233, 236-38 (5th Cir. 2006).

[7] *See id.* at 238.

[8] *See Tamez v. City of San Marcos, Texas*, 118 F.3d 1085, 1093 (5th Cir. 1997).

No. 13-60611

warrantless arrest, search, and seizure, Appellees are entitled to qualified immunity. Accordingly, the district court must be AFFIRMED.

AFFIRMED.