IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 02-50283
Summary Calendar

BARBARA JO WEBB,

                                          Plaintiff-Appellant,

                         versus

THE COUNTY OF CORYELL; SANDY GATELY, as former District Attorney
for the County of Coryell in her individual and official
capacity and present District Attorney unknown, individually
and official capacity; GINA DEBOTTIS, Individually and
official capacity as an official of the County of Coryell;
JOHN DOE, an individual whose name unknown to plaintiff
individually and in his capacity as an official of the
County Director Administrative over Grand Jury Selective;
JANE DOE, an individual whose name unknown to plaintiff
individually and in her capacity as an official of the
County of Coryell, Registrator of Account Department; GERALD
KITCHEN, as former Sheriff, Individually and in his capacity
as Sheriff of Coryell County; LINDA MOTEN, Individually and
as Grand Jury Foreman for the 1994 term for the County of
Coryell; GERALD GOODWIN, individually and in his capacity as
an official of the Coryell Sheriff Investigation Division of
Coryell County; TEXAS BOARD OF PARDONS & PAROLES; GARY L.
JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, in his executive office individually
and as director; JOHN MONRARTY, Director Office of Inspector
General, individually and as Director of Investigation
Agency in his individual and official capacity; INMATE TRUST
FUND, a department of the Texas Department of Criminal
Justice - Institutional Division and State of Texas; INMATE
LEGAL SERVICE DEPARTMENT, an office or department of Texas
Department of Criminal Justice - Institutional Division;
SHERRY NANCE, Warden, individually and official capacity as
a officer department head of unit in Texas Department of
Criminal Justice - Institutional Division; LINDA AMENT,
Warden, individually and official capacity as officer
department head of Unit in Texas Department of Criminal
Justice - Institutional Division; UNKNOWN MOYA, Warden,
individually and official capacity as officer department head of
Lane Murray unit; Division of Texas Department of Criminal

Justice - Institutional Division; UNKNOWN BLANCHARD, Sub Counsel of Lane Murray; individually and official capacity; CLARK, Captain, in her individually and official capacity as disciplinary captain of Lane Murray Unit Texas Department of Criminal Justice - Institutional Division; BATCHELOR, Lieutenant, in his individual and official capacity as Lieutenant at Lane Murray Unit, a Division of Texas Department of Criminal Justice - Institutional Division; FNU HOPKINS, Correctional Officer 3, individual and official capacity as kitchen stewart at Mount Viewe Unit, Texas Department of Criminal Justice - Institutional Division; DIRECTOR UNIVERSITY OF TEXAS MEDICAL BRANCH, in his authority individually and official capacity of Health Care Service and Safety in authority to Texas Department of Criminal Justice - Institutional Division; RISK MANAGEMENT DIRECTOR PEEVY, Risk Management, Individually and official capacity as Division Director for Safety Texas Department of Criminal Justice - Institutional Division; UNKNOWN WILSON, Major, Former Major of Lane Murray in his individual and official capacity in authority of Texas Department of Criminal Justice - Institutional Division; COUNTY OF WALKER CORRECTIONAL OFFICER; LINDA MADDEN, Attorney, in her individual and official capacity as acting attorney for Texas Department of Criminal Justice - Institutional Division Special Prosecutor,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Western District of Texas
(W-02-CV-5)

---

December 24, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Barbara Jo Webb, Texas prisoner # 335682, has filed a *pro se* motion for leave to proceed *in forma pauperis* (IFP) on appeal. Her 42 U.S.C. § 1983 complaint was dismissed as frivolous, based on the

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

collateral estoppel of her claims.  And, the district court found Webb was barred by 28 U.S.C. § 1915(g) from proceeding IFP.  By seeking IFP status, Webb is challenging the district court's certification that such status should not be granted on appeal because her appeal is both frivolous and not taken in good faith.  *See* **Baugh v. Taylor**, 117 F.3d 197, 202 (5th Cir. 1997).

Pursuant to the requisite liberal reading of the complaint, the record does not support the district court's determination that Webb's claims are collaterally estopped.  Nor does it appear that she had accumulated the three strikes necessary for application of the § 1915(g) bar.  Therefore, her motion to proceed IFP on appeal is **GRANTED**.

The dismissal of Webb's complaint can be affirmed, however, on other grounds.  *See* **Bickford v. Int'l Speedway Corp.**, 654 F.2d 1028, 1031 (5th Cir. 1981).  All of her claims stem from her allegations that there was a widespread conspiracy by all of the defendants to violate her civil rights and that it spanned from December 1993 to April 2000.  Because Webb's conspiracy allegations are wholly conclusional, they do not support an actionable claim.  *See* **Babb v. Dorman**, 33 F.3d 472, 476 (5th Cir. 1994).  To the extent that Webb has attempted to assert individual claims regarding the violation of her constitutional rights, those claims are abandoned because they have been inadequately briefed.  *See* FED. R. APP. P. 28(a)(9); *see also* **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993).

This affirmance of the dismissal of Webb's complaint as frivolous counts as her third "strike" for purposes of § 1915(g).[2] *See **Adepegba v. Hammons***, 103 F.3d 383, 385-87 (5th Cir. 1996). Webb may no longer proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

*IFP GRANTED; AFFIRMED; 28 U.S.C. § 1915(g) BAR IMPOSED*

---

[2]The dismissal of **Webb v. Scott**, Civil Action No. 6:97-CV-242 (W.D. Tex. 1999), and **Webb v. Parole Division/TDCJ**, Civil Action No. 6:99-CV-202 (W.D. Tex. 2000) as frivolous also count as strikes.