United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20703
Conference Calendar

_____

ROBERT M. FENLON,

Plaintiff-Appellant,

versus

ADAM MOSKOWITZ; BRIAN D. COYNE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-4270
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Fenlon, Texas prisoner No. 01015511, seeks leave to proceed in forma pauperis ("IFP") on appeal from the dismissal of his civil rights complaint, and he has filed an "Extraordinary Writ," seeking to supplement the record with the original transcripts and records from his state court criminal trial. Fenlon's request to supplement the record is DENIED.

Fenlon's complaint alleged that his appointed trial attorneys conspired with the trial judge and the prosecutor to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fabricate evidence against Fenlon.  The district court dismissed the complaint as frivolous because it determined that Fenlon had failed to establish that his attorneys were state actors for purposes of 42 U.S.C. § 1983.  The court denied Fenlon's motion to amend his complaint to add ninety-eight new defendants as violative of FED. R. CIV. P. 20.  The court denied Fenlon permission to appeal IFP and certified that the appeal was not taken in good faith.  By moving for IFP, Fenlon is challenging the district court's certification.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

We reject Fenlon's suggestion that this court lacks appellate jurisdiction because the district court has not ruled on two pending motions.  We find no error in the district court's dismissal as frivolous of Fenlon's claims against his trial attorneys.  Fenlon's conclusional allegations of a conspiracy are not actionable under 28 U.S.C. § 1983.  See Hobbs v. Hawkins, 968 F.2d 471, 479-80 (5th Cir. 1992); Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994).  We do not address the district court's denial of Fenlon's motion to join additional defendants because Fenlon has presented no argument challenging the district court's reasons for denying joinder.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's dismissal of the complaint as frivolous and this court's dismissal of the appeal count as two "strikes"

for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Fenlon is CAUTIONED that if he accumulates one more "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; MOTION TO SUPPLEMENT THE RECORD DENIED; APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.