# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2010

No. 09-41087
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL W. JEWELL,

Plaintiff–Appellant,

v.

OLIVER J. BELL; BRAD LIVINGSTON; RISSIE OWENS,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-181

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:*

In a pro se 42 U.S.C. § 1983 complaint Michael W. Jewell, Texas prisoner # 212516, sued Oliver J. Bell, Chairman of the Texas Department of Criminal Justice (TDCJ); Brad Livingston, Executive Director of the TDCJ; and Rissie Owens, Presiding Officer of the Texas Board of Pardons and Paroles. Upon the motion of the defendants, the district court dismissed the complaint for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"This court reviews a district court's dismissal under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Jewell first challenges the district court's denial of leave to amend his complaint. Although the district court did not permit Jewell to amend his complaint, he was provided an opportunity to plead his best case when he was directed to respond to the defendants' motion to dismiss. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 790-93 (5th Cir. 1986). This court's review of the record, including the amended complaint that Jewell attempted to file, indicates that the district court did not abuse its discretion by denying leave to amend, because any amendment would have been futile. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770-71 (5th Cir. 1999).

Jewell's allegations against Bell and Livingston are speculative, conclusional, and fail to state a claim for § 1983 relief. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Babb v. Dorman*, 33 F.3d 472, 476 (5th Cir. 1994); *Thompkins v. Belt*, 828 F.2d 298, 304 & n.8 (5th Cir. 1987); *Green v. McKaskle*, 770 F.2d 445, 446-47 (5th Cir. 1985). Jewell's claims against Owens are similarly speculative and therefore do not state a claim for relief. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *California Dep't of Corr. v. Morales*, 514 U.S. 499, 508-09 (1995); *Wallace v. Quarterman*, 516 F.3d 351, 354-56 (5th Cir. 2008); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Next, Jewell argues that he should have been allowed to appeal to the district court from the magistrate judge's decision to withdraw its order that he amend his complaint. Although the district court did not provide reasons for

denying Jewell's motions to amend, the district court nonetheless denied Jewell's motions when it denied all pending motions. Thus, Jewell did appeal the magistrate judge's order to the district court, although he did not receive a favorable result.

Jewell also argues that the district court erred by denying him leave to conduct discovery, yet he fails to explain how his discovery requests would have impacted the determination that he failed to state a claim. He therefore has failed to establish that the district court abused its discretion by denying his discovery requests. *See Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987).

Finally, while Jewell asserts that the district court did not liberally construe his pleadings, he fails to provide specific examples of how his allegations were misconstrued. This argument does not reveal error in the district court's determination that dismissal was warranted.

For the foregoing reasons, the judgment of the district court is AFFIRMED.