NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1322
_____

JEROME A. PORTER-BEY,
                                        Appellant,

v.

B.A. BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 10-cv-02368)
District Judge: Honorable William J. Nealon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2011

Before:  JORDAN, HARDIMAN and ROTH, Circuit Judges

(Opinion filed:  January 4, 2012)
_____

OPINION
_____

PER CURIAM

        Appellant James Porter-Bey ("Porter") was sentenced in 1994 in the United States

District Court for the District of Columbia to a term of imprisonment of 20 years for

unlawful distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii).

He has been incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania in

the Special Management Unit since September 14, 2009.  With good conduct time,

Porter's projected release date is March 27, 2012.

On November 16, 2010, Porter filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, seeking release to a Residential Re-entry Center ("RRC"). He seeks 12 months of halfway house placement prior to his release, and he argued that prison officials' decision to deny him 12 months of RRC placement was not in accordance with the Second Chance Act of 2008. The Bureau of Prisons ("BOP") responded to the petition, arguing that Porter was properly considered for RRC placement, and properly recommended for three months' placement. In addition, his challenge was not ripe for judicial review because no final decision had been made in his case.

In an order entered on January 18, 2011, the District Court dismissed the habeas corpus petition, holding that Porter's claim was premature and not justiciable. The court noted that the Second Chance Act increases the possible length of pre-release halfway house placement from 6 to 12 months, and requires the BOP to make an individualized determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). The court also noted that, in making an individualized determination, the BOP must consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statements by the court that imposed the sentence concerning the purpose of the sentence or recommending a particular setting where the sentence should be served; and (5) any pertinent Sentencing Commission Policy Statements. See 28 C.F.R. § 570.22 (citing 18 U.S.C. § 3621(b)).

After noting the applicable law, the District Court then found that Porter had not yet been referred for RRC placement. On October 22, 2010, his Unit Team reviewed his

file for possible RRC placement under the Act, applied the five factors, and determined that a placement of zero to 90 days would most likely be recommended for him.[1] But, because the Unit Team's recommendation was not a final decision, Porter's claim for release was not ripe. The District Court determined that, until the Unit Team actually made a referral to the Community Corrections Manager, the claim was premature. Although Porter's Unit Team reviewed his eligibility and made a recommendation, it was still possible that the final recommendation would be for more than 90 days.

Porter appealed. We have jurisdiction under 28 U.S.C. § 1291; United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (certificate of appealability not required to appeal from denial of section 2241 petition). After the Briefing Notice issued, Porter submitted an item titled "Opposition to Summary Action Brief," in which he sought summary remand and appointment of counsel on appeal. On July 27, 2011, we denied Porter's request for counsel and a summary remand. After the Briefing Notice was reinstated, Porter filed a motion for leave to have his "Opposition to Summary Action Brief" treated as his opening brief, a motion our Clerk granted. The appellee, Warden Bledsoe, now has filed a letter-brief in response.

We will affirm. We exercise plenary review over the District Court's determination that a case is not ripe for judicial review. Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1462 (3d Cir. 1994). Courts enforce Article III's case-or-controversy requirement through several justiciability doctrines, one of which is ripeness. See Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Engineers, 580 F.3d 185, 190 (3d Cir. 2009). "The ripeness doctrine determines 'whether

---

[1] The Unit Team noted that, although Porter's performance in the SMU for the previous four months had been acceptable, during his first year in the program his performance had been unacceptable. Porter also had an extensive disciplinary history, which included numerous incident reports for assaulting and threatening staff.

a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine.'" Id. (quoting Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)). A claim is not ripe for adjudication if it rests on some contingent future event. Texas v. United States, 523 U.S. 296, 300 (1998).

Porter may resort to federal habeas corpus to challenge a decision to exclude him from release to a RRC, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005), but the record in his case establishes, just as the District Court concluded, that neither a final decision nor a final recommendation has been made. Porter does not dispute that he has not received his final placement decision, and that he has not yet been referred to the appropriate Community Case Manager for RRC placement. Porter also does not contend that the Unit Team's October, 2010 recommendation is, in practical effect, the BOP's final word on the subject. Porter's habeas corpus petition thus is not ripe for judicial review. See CEC Energy Co., Inc. v. Public Service Comm'n of Virgin Islands, 891 F.2d 1107, 1110 (3d Cir. 1989) (fitness for review depends in part on "whether the decision represents the agency's definitive position on the question.").

The case upon which Porter relies, United States v. Loy, 237 F.3d 251, 256-61 (3d Cir. 2001), does not support an argument that his case is ripe for review. In Loy, we held that a defendant could challenge on direct appeal a condition of supervised release prior to being subjected to the condition, but that was, in part, because circuit precedent barred a defendant "from lodging a facial attack on the condition as a defense in a revocation proceeding." Id. at 257. Porter does not challenge a condition of probation, he has not lodged a facial attack on a federal regulation or Program Statement, and he faces no similar obstacle to challenging the BOP's actions in his case.

Porter appears to argue that, with a projected release date of March 27, 2012, he does not have time to wait for a final placement recommendation and referral if he is to receive the full benefit of the Act, but we are not persuaded that this argument makes his claim ripe for review. "Ripeness depends on 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Burlington Northern R. Co. v. Surface Transp. Bd., 75 F.3d 685, 691 (D.C. Cir. 1996) (quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)). When Porter filed his habeas corpus petition in November, 2010, his projected release date was more than 17 months in the future. There was thus no immediate hardship to him that warranted judicial review prior to the BOP's final decision. CEC Energy Co., 891 F.2d at 1110-11. Moreover, Porter did not argue that the BOP intentionally delayed making a decision in his case in order to avoid frustrate judicial review of its implementation of the Second Chance Act. See Action on Smoking & Health v. U.S. Dep't of Labor, 28 F.3d 162, 165 (D.C. Cir. 1994) (in making the fitness determination, court will not permit an agency to frustrate Congress' intentions with respect to a statutory mission Congress has given the agency).

For the foregoing reasons, we will affirm the order of the District Court dismissing the habeas corpus petition as premature and not justiciable. Appellant's motions to publish the Court's Order of July 27, 2011, for oral argument, to expedite, and to take judicial notice, etc. all are denied.