# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60656

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2016

Lyle W. Cayce
Clerk

JTB TOOLS & OILFIELD SERVICES, L.L.C.,

      Petitioner

v.

UNITED STATES OF AMERICA; DAVID MICHAELS, Assistant Secretary
of Labor, Occupational Safety and Health; WILLIAM G. PERRY, Director,
Directorate of Standards and Guidance, Occupational Safety and Health
Administration,

      Respondents

Transfer from the United States District Court
for the Southern District of Texas

Before WIENER, CLEMENT, and COSTA, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

JTB Tools & Oilfield Services, L.L.C. ("JTB Tools") challenges the dismissal of its lawsuit against the United States, the Assistant Secretary of Labor, Occupational Safety and Health, and the Director of the Directorate of Standards and Guidance for the Occupational Safety and Health Administration (collectively "OSHA"). Specifically, JTB Tools alleges that the district court erred in granting OSHA's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction and in transferring this case to this court. JTB Tools requests remand to the district court. Because we hold that this court

No. 15-60656

has exclusive jurisdiction to review OSHA's actions pursuant to 29 U.S.C. § 655(f), we AFFIRM the district court's transfer. And because JTB Tools failed to adequately brief its merits arguments before this court, we hold that it waived any potential right to relief and DISMISS the case.

## I.

In August 2014, JTB Tools petitioned OSHA for a new safety standard, mandating that oil and gas extraction employers use "the best available technology . . . to remove and reinstall the rotary control device element used with rotating platforms." The standard proposed by JTB Tools defined "the best available technology" as including the "Rotary Head Speed Clamp, or substantially equivalent mechanical means."[1] Conveniently, JTB Tools owns the patent for Rotary Head Speed Clamps. As the patent holder, JTB Tools rents the clamps to oil and gas extraction companies.

The Assistant Secretary for OSHA denied JTB Tools's petition in November 2014, explaining, in part, that the narrow scope of the requested standard was at odds with OSHA's current regulatory priority of addressing a broad range of workplace hazards. JTB Tools petitioned OSHA for reconsideration, which OSHA denied. JTB Tools then filed a complaint in federal district court, asserting various violations of the Administrative Procedure Act ("APA") and its Fifth Amendment due process rights and seeking a declaratory judgment that OSHA publish its proposed rule to allow for public comment. In response, OSHA filed a motion to dismiss for lack of jurisdiction pursuant to 29 U.S.C. § 655(f). Although § 655(f), on its face, vests the federal courts of appeals with exclusive jurisdiction only over standards *issued* by the Secretary, OSHA argued that courts have interpreted the

---

[1] The petition does not further define what constitutes a "substantially equivalent mechanical means."

2

No. 15-60656

Occupational Safety and Health Act's ("the Act") jurisdictional grant to allow for judicial review of *denials* of agency action. The district court agreed, held that the Fifth Circuit has exclusive jurisdiction here, and transferred the case to this court.[2]

## II.

Before addressing the merits of a case, a federal court must determine whether jurisdiction is proper. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1995). We review de novo a district court's Rule 12(b)(1) dismissal for lack of subject-matter jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The jurisdictional question presented here is whether this court is vested with exclusive jurisdiction to conduct judicial review over health and safety standards that the Secretary has declined to issue. Other circuits have answered this question affirmatively, and we join them.

Section 655(f) of the Act provides:

> Any person who may be adversely affected by a standard issued under this section may at any time prior to the sixtieth day after such standard is promulgated file a petition challenging the validity of such standard with the United States court of appeals for the circuit wherein such person resides or has his principal place of business, for a judicial review of such standard.

Although the plain text of the statute grants exclusive jurisdiction to courts of appeals for standards issued by the Secretary, courts have interpreted OSHA's jurisdictional grant, "when read in conjunction with the APA,[3] as enabling judicial review not only of standards already promulgated, but also of 'agency

---

[2] The district court transferred the case, rather than granting OSHA an outright dismissal, to avoid § 655(f)'s sixty day limitations period. Under § 655(f), a party seeking review of a motion for reconsideration must file its petition within sixty days from the denial of reconsideration.

[3] The APA provides, in relevant part, that "'agency action' includes the whole or a part of an agency rule . . . or denial thereof, or failure to act." 5 U.S.C. § 551(13).

action unlawfully withheld or unreasonably delayed.'" *Oil, Chem. & Atomic Workers Union v. Occupational Safety & Health Admin.*, 145 F.3d 120, 122–23 (3d Cir. 1998) (relying on *Action on Smoking & Health v. Dep't of Labor*, 28 F.3d 162, 163–64 (D.C. Cir. 1994)). "[W]here administrative enabling statutes such as the OSH Act grant exclusive jurisdiction to a particular court to review past actions of an agency, that court necessarily has the exclusive jurisdiction to review inaction as well." *Id.* at 123 (holding that the statutory phrase "standard issued" encompasses OSHA's refusal to issue a standard); *see FCC v. ITT World Commc'n*, 466 U.S. 463, 468 (1984) (holding that "[l]itigants may not evade" the mandate of jurisdiction in the circuit courts by "requesting the District Court to enjoin action that is the outcome of the agency's order"); *Int'l Union, UAW v. Donovan*, 756 F.2d 162, 163 (D.C. Cir. 1985) (explaining that "where a statute commits final agency action to review by the court of appeals, the appellate court has exclusive jurisdiction to hear suits seeking relief that might affect its future statutory power of review"). In other words, where courts of appeals have exclusive jurisdiction to review OSHA actions, they also have exclusive authority to resolve allegations that OSHA unlawfully failed to act.[4]

---

[4] *See also La Voz Radio de la Communidad v. FCC*, 223 F.3d 313, 318 (6th Cir. 2000) ("[W]hen review of agency action is expressly committed to a designated court of appeals, that court of appeals has exclusive jurisdiction over any suit seeking relief that might affect its future statutory power of review."); *Fed. Election Comm'n v. Reform Party of U.S.*, 479 F.3d 1302, 1309 (11th Cir. 2007) (noting that where Congress "specifically designates a forum for judicial review of administration action, that forum is exclusive" even if the statute does not use the word exclusive); *George Kabeller, Inc. v. Busey*, 999 F.2d 1417, 1421 (11th Cir. 1993) (noting that it is well-settled that if Congress "specifically designates a forum for judicial review of administrative action, that forum is exclusive," and explaining that exclusive appellate jurisdiction applies to petitions to compel agency action); *Public Utility Comm'r of Oregon v. Bonneville Power Admin.*, 767 F.2d 622, 626–28 (9th Cir. 1985) (following *Telecommc'n Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) in the context of 16 U.S.C. § 839f(e)(5) and concluding that the statute vested the court of appeals with exclusive jurisdiction over "any suit seeking relief that might affect the court's future jurisdiction" to review agency's final action).

No. 15-60656

In this present petition, JTB Tools argues for remand to the district court, insisting that § 655(f) is inapplicable because no OSHA standard was issued.[5] And JTB Tools rejects the characterization of its claim as an action to compel issuance of an OSHA standard. JTB Tools contends, pointing to its complaint and the APA and due process claims asserted, that it seeks only for OSHA to fulfill its "duties" of review and process and to publish the rule for public comment. What JTB Tools fails to acknowledge, however, is that a proposed rule is published only after the Secretary has decided to "promulgate, modify, or revoke" a safety and health standard. 29 U.S.C. § 655(b)(2). Demanding publication of the rule to allow for public comment is the equivalent of insisting upon issuance of an OSHA standard. There is no distinction, as OSHA correctly exhorts, between the refusal to publish and the refusal to issue a proposed rule. The claims raised by JTB Tools are inherently a challenge to OSHA's denial of its requested rulemaking. Pursuant to § 655(f), we have exclusive jurisdiction both over OSHA's issuance of health and safety standards and over OSHA's refusal to issue such rules. *See Int'l Union v. Chao*, 361 F.3d 249, 251 (3d Cir. 2004) (holding that the challenge to OSHA's refusal to initiate rulemaking falls within courts of appeals' exclusive jurisdiction under § 655(f)); *Int'l Union, UAW*, 756 F.2d at 163; *Telecommc'n Research & Action Ctr.*, 750 F.2d at 75–79. Because JTB Tools alleges that OSHA improperly denied its request for a new standard, we have exclusive jurisdiction to decide this case.

As to the merits of JTB Tools's claims, OSHA argues that JTB Tools has waived its claims on the merits by failing to brief its right to relief. We agree.

---

[5] *But see Ligon v. LaHood*, 614 F.3d 150, 154 (5th Cir. 2010) ("Specific grants of jurisdiction to the courts of appeals override general grants of jurisdiction to the district courts."); *Telecommc'n Research & Action Ctr.*, 750 F.2d at 77 ("[A] statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute.").

No. 15-60656

In its brief, JTB Tools focuses almost exclusively on arguing for remand to the district court.[6] It offers only repeat conclusory assertions that OSHA violated its rights under the APA and Fifth Amendment, failing to offer any supporting argument or citation to authority. *See* Fed. R. App. P. 28(a)(8) (requiring that an appellant's brief contain an argument section compromised of "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014) (holding that appellant waived claim because of inadequate briefing). To avoid waiver, a party must identify relevant legal standards and "any relevant Fifth Circuit cases." *United States v. Skilling*, 554 F.3d 529, 568 n.63 (5th Cir. 2009); *see United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (noting that it is "not enough to merely mention or allude to a legal theory"). JTB Tools fails to do either with regard to its underlying claims, and we hold those claims inadequately briefed and therefore waived.

## III.

Finding that the district court properly dismissed the appeal for lack of subject-matter jurisdiction and transferred the case to this court, we AFFIRM. We hold that 29 U.S.C. § 655(f) vests exclusive jurisdiction in the courts of appeals to review OSHA-issued standards and denials of rulemaking petitions. Moreover, we hold that JTB Tools waived its claims on the merits by failing to provide adequate briefing and we DISMISS this case.

---

[6] In its reply brief, JTB Tools attempts to argue against waiver by contending that a petitioner may "elect" issues to brief on appeal. This is certainly true. Failing to brief issues, however, results in wavier of those claims. JTB Tools summarily asserts that there is no waiver of its "rights or defenses." But it fails to support this unconvincing contention with any authority.