JAMES L. DENNIS, Circuit Judge,
concurring in part and concurring in the judgment:
I fully concur in the majority opinion’s affirmance of the district court’s dismissal of Aaron Jordan’s Monell claim and its denial of his motion for leave to amend his complaint. I cannot concur in the majority’s analysis of Jordan’s Malley claim against Officer Brumfield, because I am convinced that any reasonable officer in Brumfield’s position would have recognized that the warrant affidavit at issue in this case was not supported by probable cause. However, because Jordan failed to sufficiently brief his claim, I concur in the judgment.
*
An officer whose request for a warrant allegedly caused an unconstitutional arrest is not protected by qualified immunity, even where the warrant was issued by a neutral magistrate, if “it is obvious that no reasonably competent officer would have concluded that a warrant should issue.” Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Under this rule, the “shield of immunity” otherwise conferred by the warrant will be lost where the warrant was “based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.” Messerschmidt v. Millender, 565 U.S. 535, 547, 132 S.Ct. 1235, 182 L.Ed.2d 47 (2012) (quoting United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)) (internal quotation marks omitted).
In Messerschmidt, the Supreme Court considered a claim against police officers who had allegedly exceeded the scope of a search warrant. A woman reported that her partner “had attacked her after becoming ‘angry because she had called the Sheriffs Department’ ” and “mentioned that [the suspect] was ‘an active member of the ‘Mona Park Crips,’” a local gang; interviews revealed that the suspect had shot at the victim with “a black sawed-off shotgun with a pistol grip.” Id. at 540, 132 S.Ct. 1235. The investigating officer prepared a warrant for a search of the house of the suspect’s foster mother, where the victim thought the suspect might be hiding. The warrant broadly described the property that would be the object of the search, including “[a]ll handguns, rifles, or shotguns of any caliber, or any firearms capable of firing ammunition” and “[articles of evidence showing street gang membership or affiliation with any Street Gang.” Id. at 541, 132 S.Ct. 1235. The warrant was supported by an affidavit that *418 “explained why Messerschmidt believed there was sufficient probable cause to support the warrant,” including descriptions of the assault, the shotgun, and the suspect’s possible gang ties. Id. at 542, 132 S.Ct. 1235. When the search warrant was executed, officers did not find the suspect or his weapon; they did, however, find and seize “[the foster mother’s] shotgun, a California Social Services letter addressed to [the suspect], and a box of .45-caliber ammunition.” Id. at 543, 132 S.Ct. 1235.
The foster mother and her family sued, arguing that the warrant was invalid under the Fourth Amendment. The district court denied the officers qualified immunity, and the Ninth Circuit, sitting en banc, affirmed. The Supreme Court reversed, explaining: “Whether any of the[ ] facts, standing alone or taken together, actually establish probable cause is a question we need not decide.... The officers’ judgment that the scope of the warrant was supported by probable cause may have been mistaken, but it was not ‘plainly incompetent.’ ” Id. at 553, 132 S.Ct. 1235 (quoting Malley, 475 U.S. at 341, 106 S.Ct. 1092).
The threshold for establishing that a warrant signed by a magistrate is not supported by probable cause is thus indeed a high one. To hold that an officer’s conclusion that a warrant was supported by probable was “plainly incompetent,” id., this court must determine that the affidavit “contain[s] wholly conclusory statements, which lack the facts and circumstances from which a magistrate [could] independently determine probable cause,” United States v. Moore, 805 F.3d 590, 594 (5th Cir. 2015) (quoting United States v. Satterwhite, 980 F.2d 317, 321 (5th Cir. 1992)) (internal quotation marks omitted). An evaluation of probable cause necessarily involves consideration of the relevant criminal statute. See Babb v. Dorman, 33 F.3d 472, 478 (5th Cir. 1994). Although “[a]n officer on the beat is not expected to have and apply the knowledge of a constitutional scholar,” our caselaw does require “that he act in accordance with what a reasonable officer should or should not know about the law he is enforcing.” Id. (quoting Gassner v. City of Garland, Tex., 864 F.2d 394, 397 (5th Cir. 1989)) (internal quotations and citation omitted).
Under Louisiana law, simple stalking is the “[ (1) ] intentional and [ (2) ] repeated [(3)] following or harassing of another person [(4)] that would cause a reasonable person to feel alarmed or to suffer emotional distress.” La. Rev. Stat. § 14:40,2(A), For any reasonable officer to have concluded that Brumfield’s affidavit established probable cause to arrest Jordan for stalking, that officer would need to believe that the conduct described therein satisfied each of these elements. See Babb, 33 F.3d at 479. The majority opinion asserts that, because “the warrant describes Jordan’s conduct with some specificity, ... we cannot say ‘it is obvious that no reasonably competent officer would have concluded that a warrant should issue.’” Op. at 414 (quoting Malley, 475 U.S. at 341, 106 S.Ct. 1092). I agree with the majority opinion that the affidavit contained more than conclusory allegations relating to the first three elements of simple stalking. But because the affidavit contained no facts that could satisfy the fourth element, I must conclude that it was fatally deficient.
Before the district court and before this court, Brumfield presented his affidavit as an accurate summary of the statement that Lenee Sens-Crowley gave him. As the majority opinion notes, this statement was the only information that Brumfield relied upon when drafting the affidavit; he did not himself review the letters that Jordan sent to Sens Crowley’s associates. Op. at 415, And yet there is nothing in the affida *419 vit to suggest that the letters, or any other aspect of Jordan’s conduct, were capable of “caus[ing] a reasonable person to feel alarmed or to suffer emotional distress,” as required by § 14:40.2(A). To be sure, the majority opinion states that “Lenee Sens-Crowley ... represented to Officer Brumfield that Jordan’s behavior caused her emotional distress.” Op. at 414. But the complainant’s subjective response to the defendant’s conduct is insufficient to establish the effect it would have on a reasonable person, which is precisely what the final element of stalking is meant to address.
In a 42 U.S.C. § 1983 action alleging false arrest, “[w]e look to the totality of the circumstances to determine whether probable cause, or ... arguable probable cause, existed.” Mendenhall v. Riser, 213 F.3d 226, 231 (5th Cir. 2000) (citing Illinois v. Gates, 462 U.S. 213, 241, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Here, the affidavit did not allege any facts that could reasonably support a belief that the totality of Jordan’s conduct, including his letters, “would cause a reasonable person to feel alarmed or to suffer emotional distress.” See La. Rev. Stat. § 14:40.2(A). Because the record before this court reveals no facts known to Brumfield, and certainly no fact included in the affidavit, that could have supported an essential element of the crime of stalking, I submit that the officer’s judgment that the warrant was supported by probable cause was not merely “mistaken,” see Messerschmidt, 565 U.S. at 553, 132 S.Ct. 1235; in Brumfield’s place, “no officer of reasonable competence would have requested the warrant,” see Malley, 475 U.S. at 346 n.9, 106 S.Ct. 1092. Because the majority opinion does not address the affidavit’s deficiency, I cannot join in its analysis of this issue.
I do, however, agree with the majority that the judgment, of the district court should be affirmed. This court has reiterated that an issue not raised in a party’s opening brief is generally forfeited. E.g., Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov’t, 849 F.3d 615, 626 (5th Cir. 2017). Here, Jordan’s opening brief asserted generally that the warrant lacked “substantial content,” consisted primarily of “conclusory allegations of ‘harassment’ that resulted in ‘emotional distress,’ ” and did not support the reasonable conclusion that “any of the four elements of simple stalking were met.” (Alteration omitted). However, it did not home in on the facts alleged in the affidavit and did not demonstrate that no reasonable officer could find from them probable cause that Jordan had committed the crime of stalking. Instead, Jordan’s argument focused on his actual conduct: he argued that “the letter[s] he sent contained no statements that could be construed as threats” and that they “did not contain any threatening language or factual misstatements that could have reasonably led to anybody suffering emotional distress.”[1] Jordan’s actual conduct is not determinative here; in a Malley claim, what matters is what the affidavit alleged. See 475 U.S. at 345, 106 S.Ct. 1092. Because Jordan did not meaningfully argue that the warrant affidavit failed to allege facts to support the final element of the stalking statute until his reply brief, Brumfield was denied the opportunity to respond to such an argument. As a result, this court may not properly consider it. See JTB Tools & Oilfield Servs., L.L.C. v. *420 United States, 831 F.3d 597, 601 (5th Cir. 2016) (claim made in “repeat conclusory assertions” without “any supporting argument” is insufficiently briefed); Knighten v. C.I.R., 702 F.2d 59, 60 (5th Cir. 1983) (generally, “[i]t is impermissible to mention an issue for the first time in a reply brief, because the appellee then has no opportunity to respond”). For these reasons, I concur in the judgment.

. Were Jordan proceeding pro se, we might be able to construe these assertions as sufficient to raise an issue regarding the fourth element. See Johnson v. Quarterman, 479 F.3d 358, 359 (5th Cir. 2007) ("Briefs by pro se litigants are afforded liberal construction.”). However, because Jordan is represented by counsel on appeal, his brief is not entitled to liberal construction. See Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986).