# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2023

Lyle W. Cayce
Clerk

No. 22-30429

Charles Jenkins,

*Plaintiff—Appellant*,

*versus*

TriWest Healthcare Alliance,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-37

Before Smith, Clement, and Wilson, *Circuit Judges*.

Per Curiam:*

Charles Jenkins appeals the dismissal of his suit for medical malpractice. We affirm.

I.

On January 9, 2020, Jenkins sued *pro se* in federal district court. He alleged that three doctors, the "VA Medical Center," "Tulane Medical Center," and "Triwest Healthcare Alliance" had "engaged and/or participated

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

in un-necessary [*sic*] surgical-negligence medical malpractice . . . ." He stated, "[t]he surgeon was experimenting," and he asked for "punitive damages because the surgeon did not have clearance to perform." Jenkins asserted federal question jurisdiction under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*

Defendants TriWest Healthcare Alliance ("TriWest") and University Healthcare System, L.C., d/b/a/ Tulane University Hospital & Clinic ("TUHC"), moved to dismiss, alleging, among other things, failure to state a claim, lack of subject matter jurisdiction, and that the claims were time-barred. The district court dismissed without prejudice for lack of subject matter jurisdiction.

## II.

Dismissals under Rule 12(b)(1) are reviewed *de novo*. *See JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 599 (5th Cir. 2016). "The burden of proof . . . is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The standard of review is similar to that of Rule 12(b)(6) but allows the court "to consider a broader range of materials," such as "undisputed facts in the record" or "the court's resolution of disputed facts." *Williams v. Wynne*, 533 F.3d 360, 365 n.2 (5th Cir. 2008) (quoting another source). A court should dismiss for lack of subject matter jurisdiction only when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161.

We may affirm for any reason supported by the record, even if not relied on by the district court. *United States v. Grosz*, 76 F.3d 1318, 1324 n.6 (5th Cir. 1996). We cannot consider arguments not presented to the district court. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc).

No. 22-30429

### III.

The district court held that Jenkins had not established subject matter jurisdiction because he had failed to exhaust his administrative remedies, a jurisdictional prerequisite for an FTCA claim. The FTCA is a limited waiver of sovereign immunity that allows a suit against the United States only when the plaintiff has "first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993). That exhaustion is a "jurisdictional prerequisite for FTCA claims that cannot be waived." *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019). For exhaustion, the plaintiff must have "presented the claim to the appropriate Federal agency," and the agency must have denied the claim. 28 U.S.C. § 2675(a). If a plaintiff cannot show exhaustion, he has not pleaded a federal question. *See Coleman*, 912 F.3d at 834.

None of Jenkins's filings alleged that he had exhausted his administrative remedies until after the magistrate judge submitted his Report and Recommendation. At that point, Jenkins filed an objection, stating that "the evidence of records [*sic*] will reveal that the plaintiff filed his Standard form 95 within the two (2) year statute of limitations and there was no objecttion to my submission." The district court overruled that objection and held that because Jenkins did not "identify the agency with which he filed [the form], the date on which it was filed, [] the disposition of his alleged filing, . . . [or] a copy of the form he says he filed," he had failed to show that he had exhausted.

Weeks later, Jenkins filed an untimely "objection" to that ruling, contending that he had indeed filed his form with the VA and that discovery would show that. But Jenkins still failed to provide any evidence pertaining to the Standard Form 95 itself. The court therefore declined to revisit the judgment. Jenkins filed a notice of appeal and attached what appears to be his Standard Form 95 and a FedEx tracking printout purportedly confirming

3

that the Form had been delivered to a recipient in 'Lakewood, Co.' on November 6, 2018.

Regardless, Jenkins did not present that evidence until after the district court had closed the case. And "because our review is confined to an examination of materials before the lower court at the time the ruling was made[,] subsequent materials are irrelevant." *Nissho-Iwai*, 845 F.2d at 1307. Thus, the success of Jenkins's appeal rises and falls on the evidence and contentions in the filings submitted before the final judgment. There, we find nothing more than conclusory statements. Allegations such as "it's a matter of record that plaintiff did file his Standard Form 95 with the defendant" are speculative and conclusory. Even when viewed with the deference to which Jenkins is entitled, bare allegations cannot support a finding that he properly exhausted. Without such a showing, he has not established federal question jurisdiction.[1]

The judgment of dismissal without prejudice was correct and is AFFIRMED.

---

[1] Jenkins provides no other tenable basis for federal jurisdiction. His claim that he has diversity jurisdiction is without merit—from the face of the pleadings, all parties are in Louisiana. Jenkins' only assertion to the contrary is that "although TriWest does business in Louisiana, it's [sic] corporate Headquarters is in Arizona." But even if that is true, diversity jurisdiction requires complete diversity—"no party on one side may be a citizen of the same State as any party on the other side"—and Jenkins has made no showing that the other plaintiffs are diverse. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974); *see also* 28 U.S.C. § 1332.